**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 08 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH DANNY PROPHET, | No. 09-15481 |
| Plaintiff - Appellant, | D.C. No. 1:08-CV-01748-SMS |
| v. | |
| KEN CLARK; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding [**]

Submitted November 17, 2009 [***]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Joseph Danny Prophet, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Prophet consented to the jurisdiction of the magistrate judge.

[***]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tk/Research

a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed the action because the amended complaint failed to allege facts suggesting that the defendants hindered Prophet's efforts to pursue a nonfrivolous legal claim, and Prophet failed to correct the deficiencies in the complaint though he was given an opportunity to do so. *See id.* at 449 ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury"); *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996) (holding that a prisoner's right to access the courts is limited to the pursuit of a non-frivolous claim concerning his conviction or conditions of confinement); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad.").

Prophet's remaining contentions are unpersuasive.

**AFFIRMED.**